# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

---

**UNITED STATES FIDELITY AND
GUARANTY CORPORATION
and FIDELITY AND GUARANTY
INSURANCE UNDERWRITERS,
INC.,**

   **Plaintiffs,**

**vs.**               **NO. CIV 97-646 MV/JHG**

**PEKING PALACE CHINESE
RESTAURANT, INC.,**

   **Defendant.**

## <u>MEMORANDUM OPINION AND ORDER</u>

  **THIS MATTER** comes before the Court on Defendant's Motion for Summary Judgment filed December 17, 1997 **[Doc. No. 22]** and Plaintiffs' Motion for Summary Judgment filed December 17, 1997 **[Doc. No. 18]**.  The Court, having considered the parties' pleadings, the applicable law, and being otherwise fully informed, finds that Defendant's Motion for Summary Judgment is well taken and will be **GRANTED**.  Plaintiffs' Motion for Summary Judgment is not well taken and will be **DENIED**.

## FACTUAL BACKGROUND

  The undisputed material facts reveal that on March 21, 1996, Peking Palace Restaurant ("Peking Palace") suffered a loss by fire.  At the time of the fire, Peking Palace was covered by an insurance policy ("the Policy") issued by Fidelity and Guaranty Insurance Underwriters, Inc.

("Fidelity").   Due to the parties' inability to agree on the amount of net income and operating expenses payable to Peking Palace under the Business Income coverage provisions of the Policy, the parties agreed to enter into the appraisal process provided for in the Policy.  Pursuant to the appraisal provisions of the Policy, Peking Palace appointed an appraiser and Fidelity appointed an appraiser.  The two appointed appraisers then selected Mr. Kimball Udall to act as umpire in the event they were unable to agree upon the amount of net income and operating expenses or the amount of loss.  Under the terms of the policy, the umpire's decision must be ratified by one of the two appraisers to have binding effect.

Unable to reach an agreement as to the amount of net income and operating expenses or the amount of loss, the appraisers submitted their respective positions to Mr. Udall for determination.  On April 18, 1997, Mr. Udall faxed his "award" letter to the parties.  In this letter, Mr. Udall asserted that no evidence existed entitling Peking Palace to any compensation over and above the sums it had previously been paid by Fidelity.

Mr. Bickford, appraiser for Peking Palace, sent a letter to Mr. Udall on April 21, 1997, notifying him that Mr. Udall's firm, Sommer, Fox, Udall, Othmer, Hardwick & Wise, P.A., had previously acted as counsel of record in a lawsuit against Mr. Frank Yu, owner of Peking Palace. The letter stated that there may be a conflict of interest and that Mr. Udall may want to resign and excuse himself from further matters involving Peking Palace and Mr. Yu.  Mr. Udall immediately notified the parties that in light of Mr. Yu's belief that he had a conflict of interest, he was withdrawing his decision as set forth in his "award" letter of April 18, 1997.

Fidelity filed the instant lawsuit on May 7, 1997, seeking ratification of Mr. Udall's decision or, in the alternative, declaratory judgment.  The parties subsequently filed cross motions

2

for summary judgment.

## LEGAL STANDARD

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1). Under Rule 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B&B Chemical Co.*, 2 F.3d 995, 996 (10th Cir. 1993).

The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Harsha v. United States*, 590 F.2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by demonstrating to the district court that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. In such a situation, the moving party is entitled to

judgment as a matter of law, "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 322.

## DISCUSSION

Fidelity argues that Peking Palace knew about the alleged conflict prior to agreeing to have Mr. Udall act as umpire in the matter and therefore should not be allowed to challenge an unfavorable decision based on the alleged conflict.  Fidelity asks this Court to find that no conflict of interest necessitated the withdrawal of the Mr. Udall's decision and to enter judgment ratifying and approving Mr. Udall's decision.  In making these arguments, Fidelity relies upon case law addressing this Court's authority to review appraisal awards.

The dispositive fact, however, is that Mr. Udall withdrew his decision prior to ratification by one of the two appraisers as required by the contract.  It is within an umpire's proper discretion to resign or withdraw an unratified decision due to a perceived or actual conflict of interest.    Fidelity does not cite, nor could this Court locate, any case law supporting Fidelity's position that this Court has authority to reinstate and then ratify a decision voluntarily withdrawn by an umpire prior to ratification.

An umpire is in the best position to determine whether a suggestion of bias necessitates the withdrawal of an unratified opinion and this decision will not be revisited by the Court.  In this situation, the umpire exercised his discretion to voluntarily withdraw his opinion based on the suggestion of bias raised by Peking Palace.  As the opinion was voluntarily withdrawn, there is no decision for this Court to review or ratify.

In the alternative, Fidelity requests that the Court determine the proper amount of

4

Defendant's claim under the policy.  This request is premature.  As the umpire initially appointed in this matter voluntarily withdrew based on a perceived conflict of interest and therefore no umpire decision has been rendered, the parties have not fulfilled their contractual obligation to attempt to resolve their dispute through the appraisal process.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment on Count I filed December 17, 1997 **[Doc. No. 22]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Summary Judgment filed December 17, 1997 **[Doc. No. 18]** is **DENIED**.  As the Court has determined that the only remaining count is premature, this case is hereby dismissed.

 

 

**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**